DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

DURING THE YEAR 1913.

---

Nicholas J. Mann, Defendant in Error, v. Henry Brown et al., Plaintiffs in Error.

Gen. No. 18,097. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed July 3, 1913. Rehearing denied July 14, 1913.

### Statement of the Case.

Action by Nicholas J. Mann against Henry Brown and others for two thousand dollars alleged to be due for breach of a *supersedeas* bond. From a judgment for plaintiff, defendants bring error.

WILLIAM R. BRAND, for plaintiffs in error.

VINCENT D. WYMAN and OTTO W. JURGENS, for defendant in error.

MR. JUSTICE FITCH delivered the opinion of the court.

---

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number

(1)

## Abstract of the Decision.

1. DAMAGES, § 218*—*default as an admission of plaintiff's damages.* Default entered for failure of defendant to file sufficient affidavit does not admit the amount of plaintiffs' damages.

2. DAMAGES, § 231*—*rights of defendant in assessing damages after default.* After default for want of plea or affidavit of merits, defendant with respect to the amount of damages has right to cross-examine plaintiff's witnesses, introduce evidence, ask for instructions and preserve his rights for review by bill of exceptions.

3. DAMAGES, § 221*—*right of court without jury to assess, after default.* A proceeding for assessment of damages after a default is not a "trial" within the meaning of section 30 of Municipal Court Act, J. & A. ¶ 3342, preserving to the parties the right of trial by jury. GRIDLEY, J., dissenting.

4. MUNICIPAL COURT OF CHICAGO, § 13*—*when affidavit of merits may be stricken from files.* Affidavits of merits which are ambiguous and evasive and fail to state nature of defendant's defense may be stricken from the files.

5. MUNICIPAL COURT OF CHICAGO, § 13*—*procedure on failure to file affidavit of merits.* Default may be entered for failure of defendant to file sufficient affidavit of merits.

6. MUNICIPAL COURT OF CHICAGO, § 5*—*what governed by rules.* Whether damages may be assessed by the court or by a jury, after default has been entered for want of a plea or affidavit of merits, is a matter of practice only which may be governed by the rules of the Municipal Court.

7. MUNICIPAL COURT OF CHICAGO, § 5*—*rules of court construed.* Rule 17 of Municipal Court, in so far as it authorizes court after default to assess damages without a jury, was adopted in lieu of section 59 of Practice Act, J. & A. ¶ 8596, and such rule is not in conflict with section 30 of Municipal Court Act, J. & A. ¶ 3342, preserving to the parties the right of jury trial.